WILLIAM WITTKOWSKY, Respondent, v. AMERICAN INSURANCE COMPANY, Appellant.

#### Kansas City Court of Appeals, April 3, 1899.

Insurance: PLEADING: SUFFICIENCY OF PETITION. A petition on an insurance policy which fails to allege directly or inferentially the amount of insurance, or that plaintiff was insured in any amount, or that he was to be reimbursed in money or other things, is fatally defective.

*Appeal from the Buchanan Circuit Court.*—HoṈ. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

FYKE, YATES & FYKE for appellant.

(1)   There is not only no allegation whatever in the petition stating the amount named in the policy sued on, but further, it is not alleged that a money indemnity in any sum was promised.   (2)   The doctrine generally stated is that laid down in Frazer v. Roberts, 32 Mo. 461, where it is said: "The doctrine that a defective petition is cured by verdict has its foundation in the supposition that on the trial the plaintiff proved the fact insufficiently averred, and the existence of which is essential to his cause of action, but this presumption can never arise where the fact whose proof is to be presumed is not averred at all, because it is not fair to suppose either that the plaintiff would produce, or that the court would hear proof of a fact not alleged."

S. S. SHULL for respondent.

(1)   The rule of the common law is that where a matter is so essentially necessary to be proved, that had it not been given in evidence, the jury could not have given such a verdict, then the want of stating that matter in express terms, provided the declaration contained terms sufficiently general to comprehend it in fair and reasonable intendment, will be cured by the verdict.   Bank v. Franklin Co., 65 Mo. 105.   And on appeal where the bill of exceptions is silent, it will be presumed that proof was made to supply the defective statement.   Garth v. Caldwell, 72 Mo. 622; Johnson v. Long, 72 Mo. 210. (2)   It is not always necessary to support a verdict that the pleadings should present an issue at all; which point is well illustrated by the repeated rulings of this court that where a

case proceeded to trial and verdict without any reply having been filed to the new matter set up in the answer, yet the verdict will be upheld. Hall v. Water Co., 48 Mo. App. 356; Heath v. Goslin, 80 Mo. 310; Thompson v. Wooldridge, 102 Mo. 505. (3) And it has been held that where a petition claiming specific damages for trover of certain goods, does not in the body of the petition state the value of the goods converted but after a given description refers to an exhibit filed "for more accurate description and the values, such petition is good after and cured by verdict." Case v. Fogg, 46 Mo. 44; O'Conner v. Theater Co., 17 Mo. App. 675; Priest v. Bircher, 3 Mo. App. 565; Garth v. Caldwell, 72 Mo. 630; Lynch v. Railroad, 111 Mo. 601; Grove v. Kansas City, 75 Mo. 672; Hamlin v. Carruthers, 19 Mo. App. 567; R. S. 1889, secs. 2113, 2114; State ex rel. v. Webster, 53 Mo. 135; Bowie v. Kansas City, 51 Mo. 435; Shaler v. Van Wormer, 33 Mo. 386; Smith v. St. Joseph, 45 Mo. 449; Edmondson v. Phillips, 73 Mo. 57; Lemser v. Mfg. Co., 70 Mo. App. 209; R. S. 1889, secs. 2113, 2114; McDermott v. Claas, 104 Mo. 14.

ELLISON, J.—This is an action on a policy of fire insurance. Plaintiff recovered in the trial court.

The cause is brought here by defendant on the sole ground that no cause of action was stated in the petition. We think the point well taken. The petition simply states that in consideration of $14.80 defendant executed to plaintiff a policy of insurance, insuring the property against loss and damage by fire. It then properly alleges the destruction of the property and that it was of the value of $800; and after other proper allegations closes by alleging damages in the sum of $800, and asking judgment for that sum. There is a total absence of an allegation, direct or inferential, as to what sum the insurance was taken for, or, that it was taken for any sum, or insured plaintiff in any amount, or that it contained an agreement to reimburse him in money, property, or other thing.

This is not a case of cause of action defectively stated, but belongs to that class where no cause of action is stated and in consequence will not support the judgment.

Reversed and remanded.    All concur.